IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-00683-PAB

CHAD SCHNELL,
DAVID DELUCIA,
SIMONA DELUCIA,
ANTHONY DELUCIA,
CHRISTINA GLAVIN,
JENNIFER BOWERS,
STACY THERRIEN,
RICARDO MEZA,
WILLIAM WINDEMUTH,
ETABO KIPENDO,
JEFFREY WHICHARD,
KARLA WHICHARD,
BRIAN BOLLHOEFER, and
EDWIN PAUL,

    Plaintiffs,

v.

UNITED AIRLINES, INC.,

    Defendant.

---

# ORDER

---

This matter is before the Court *sua sponte* on the amended Class-Action Complaint [Docket No. 13].

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court

may not proceed in a case.  *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005).  Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence.  First, it is the Court's duty to do so.  *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).  Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction."  *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ( citations omitted).  Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).  "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

Plaintiffs allege that the Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  Docket No. 13 at 2, ¶ 15.  CAFA governs class actions "filed under rule 23 of the Federal Rules of Civil Procedure."  28 U.S.C. § 1332(d)(1)(B).  According to § 1332(d)(2)(A), which codifies CAFA, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."  Thus, there are three prerequisites to subject matter jurisdiction

under CAFA: (1) minimal diversity between plaintiffs and defendants; (2) at least 100 plaintiffs in the class; and (3) an amount in controversy that exceeds $5,000,000. *Foley v. Cordillera Golf Club, LLC*, No. 12-cv-0351-WJM-KMT, 2012 WL 1144856, at *3 (D. Colo. April 5, 2012). Plaintiff has sufficiently alleged that there are at least 100 plaintiffs in the class, Docket No. 13 at 6–7, ¶¶ 43, 45, and that the amount in controversy in this matter exceeds $5,000,000. *See id.* at 2, ¶ 15. However, the present allegations are insufficient to demonstrate that minimal diversity exists between plaintiffs and defendant.

Minimal diversity requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). An individual's "citizenship is equivalent to [his or her] domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). For all named plaintiffs, however, the complaint merely alleges residency, and there is no allegation of domicile for any named plaintiff. Plaintiffs allege that plaintiff Chad Schenell is an "individual residing in Indiana," that plaintiffs David Delucia, Simona Delucia, Jeffrey Whichard, and Karla Whichard are "individuals residing in Florida," that plaintiffs Anthony Delucia and Christina Glavin are "individuals residing in Massachusetts," that plaintiffs Jennifer Bowers and Stacy Therrien are "individuals residing in Colorado," that plaintiff Ricardo Meza is an "individual residing in Texas," that plaintiff William Windemuth is an "individual residing in Virginia," and that plaintiffs Brian Bollhoefer, Edwin Paul, and Etabo Kipendo are "individuals residing in Iowa." Docket No. 13 at 2, ¶¶ 6–12. Residency is not synonymous with domicile, *see Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not

3

necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)), and only the latter is determinative of a party's citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id*. at 1260. Accordingly, allegations of plaintiffs' residency are insufficient to establish their citizenship.

As to defendant, plaintiffs allege that United Airlines, Inc. ("United") is a "corporation headquartered in Chicago, Illinois, with offices in Denver, Colorado." Docket No. 13 at 2, ¶ 13. For the purposes of subject matter jurisdiction, a corporation is deemed "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). While, at the pleading stage, the Court takes as true all "well-pled (that is, plausible, conclusory, and non-speculative) facts," *Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1070 (10th Cir. 2008), the allegations regarding the citizenship of defendant are not well-pled because plaintiffs have not alleged United's state of incorporation.

Finally, the complaint alleges that subject matter jurisdiction is proper under CAFA because "at least one Plaintiff and Defendant are citizens of different states." Docket No. 13 at 2, ¶ 13. This allegation is conclusory and is not well-pled, especially given that plaintiff equates the named plaintiffs' residency with domicile. Subject matter jurisdiction, however, must be determined "from the allegations of fact in the complaint,

necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)), and only the latter is determinative of a party's citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id*. at 1260. Accordingly, allegations of plaintiffs' residency are insufficient to establish their citizenship.

As to defendant, plaintiffs allege that United Airlines, Inc. ("United") is a "corporation headquartered in Chicago, Illinois, with offices in Denver, Colorado." Docket No. 13 at 2, ¶ 13. For the purposes of subject matter jurisdiction, a corporation is deemed "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). While, at the pleading stage, the Court takes as true all "well-pled (that is, plausible, conclusory, and non-speculative) facts," *Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1070 (10th Cir. 2008), the allegations regarding the citizenship of defendant are not well-pled because plaintiffs have not alleged United's state of incorporation.

Finally, the complaint alleges that subject matter jurisdiction is proper under CAFA because "at least one Plaintiff and Defendant are citizens of different states." Docket No. 13 at 2, ¶ 13. This allegation is conclusory and is not well-pled, especially given that plaintiff equates the named plaintiffs' residency with domicile. Subject matter jurisdiction, however, must be determined "from the allegations of fact in the complaint,

without regard to mere [conclusory] allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).

Because the allegations are presently insufficient to allow the Court to determine whether minimal diversity exists, plaintiffs have failed to establish that the Court has jurisdiction under CAFA. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)). It is therefore

**ORDERED** that, on or before **July 2, 2021**, plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED June 23, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge