**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| Chad Schnell, David Delucia, Simona Delucia, Anthony Delucia, Christina Glavin, Jennifer Bowers, Stacy Therrien, Ricardo Meza, William Windemuth, Etabo Kipendo, Jeffrey Whichard, Karla Whichard, Brian Bollhoefer, *and* Edwin Paul, *Plaintiffs* <br><br> v. <br><br> United Airlines, Inc., *Defendant* | Case No. 21-CV-683 (PAB) (KLM) <br><br><br> **OPPOSITION TO DEFENDANT'S THIRD MOTION TO STRIKE** |

I.  **Introduction**

On July 16th, 2021, Defendant United Airlines, Inc. filed a Renewed Motion to Strike the class action claims raised in the First Amended Complaint. ECF No. 42 ("Mot. to Strike"). In sum, their motion boils down to one contention: that Plaintiffs' injuries are too individualized to be considered as a class. Mot. to Strike, pp. 6, 7. Because it is simply too early for such a conclusion to be drawn, based only on the face of the complaint and without any opportunity for discovery or contouring of the boundaries of the class, Defendant's motion must be denied at this time.

II. **Standard of Review**

Defendant presents to the Court a standard of review that attempts to blend the evaluation of a motion for class certification with a motion to strike class allegations. Mot to Strike, pp. 4 –

6.  While Defendant writes that "Plaintiffs seek certification" and speak of how "a class action may be maintained only if…," to be clear, Plaintiffs have not yet moved to certify. *Id*. Defendant is seeking to preemptively defeat certification, and the standard for evaluating a motion to certify does not apply.

The tail of Defendant's discussion on the matter gets it right: "A court should grant a motion to strike class allegations if the defendant is able to show <u>conclusively from the face of the complaint</u> that the plaintiff will be unable to establish facts that would ever make class treatment appropriate."  *Id*., p. 6, <u>citing</u> *Murphy's v. Aaron's Inc.*, 19-CV-601-CMA-KLM, 2019 WL 5394050 at *6 (D. Colo., October 19th, 2019) (*emphasis added*).  "However, courts in the District of Colorado hold Rule 12(f) motions to strike class allegations to a high standard of proof." *Murphy's* at *6.  "A motion to strike class allegations is even more disfavored [than motions to strike generally] because it requires a reviewing court to preemptively terminate the class aspects of litigation, solely on the basis of what is alleged in the complaint, and before the plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification." *Id*., <u>citing</u> *Chenesky v. N.Y. Life Ins. Co.*, 2011 WL 1795305, at *1 (S.D.N.Y. Apr. 27, 2011).  The overwhelming majority of other courts, within and outside this district and circuit, apply the same hesitation. *Scarlett v. Air Methods Corp.*, Case No. 17-CV-509 at *13 (D. Colo., May 8th, 2020) ("[T]he burden for a motion of this type is very high for the movant … Unlike in a motion for class certification in which a district court has discretion to make a determination, I have little discretion here and must hold defendants to their burden," *internal citation omited*); *Cleary v. Whole Foods Mkt. Rocky Mountain/Sw. L.P.*, Case No. 15-CV-1247-MEH, at *4 (D. Colo. Dec. 5, 2016) ("[d]efendant must demonstrate from the face of the plaintiffs' complaint that it will be *impossible* to certify the classes alleged by the plaintiffs regardless of the facts the plaintiffs may be able to prove," *emphasis in original*, <u>citing</u> *Francis v. Mead Johnson &*

*Co.*, Case No. 10-cv-00701-JLK, 2010 WL 3733023, at *1 (D. Colo., Sept. 16th, 2010)); *Anderson Living Tr. v. WPX Energy Prod., LLC*, Case No. 12-CV-0040 JB/KBM, at *12 (D.N.M., Aug. 27th, 2016) (strike class allegations only when Plaintiff "could not maintain certain claims as a matter of law," *citing In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-2591-JWL, 2016 WL 1391045, at *2 (D. Kan., April 7th, 2016)); *Yaffe v. Powers*, 454 F.2d 1362, 1366 (1st Cir. 1972) ("To pronounce finally, prior to allowing any discovery, the non-existence of a class or set of subclasses, when their existence may depend on information wholly within defendant's ken, seems precipitate and contrary to the pragmatic spirit of Rule 23."), *overruled on other grounds by Gardner v. Westinghouse Broad. Co.*, 437 U.S. 478 (1978); *Dyer v. Air Methods Corporations*, Case No. 9:20-CV-2309-DCN, at *5 (D.S.C., May 7th, 2021) ("As a general matter, a ruling on class certification should normally be based on more information than the complaint itself affords and it should be made only after a rigorous analysis of the particular facts of the case," *cleaned up*); *Intern. Woodworkers v. Chesapeake Bay Plywood*, 659 F.2d 1259, 1268 (4th Cir. 1981) ("[I]t is essential that a plaintiff be afforded a full opportunity to develop a record containing all the facts pertaining to the suggested class and its representatives. It is seldom, if ever, possible to resolve class representation questions from the pleadings…").

### III. Argument

#### A. *There Is No* Per Se *Rule That Emotional Distress Damages Cannot Be Recovered As a Class*

Defendant makes the sweeping assertion of law that emotional distress claims are "Not Amenable for Class Certification."  Mot. to Strike, pp. 7 – 9.  Claiming that "Courts across the country" draw that same conclusion, Defendant manages to cite a mid-level state appellate court

in Florida and a Fifth Circuit case.  The Florida case, of little (if any) probative value already considering it deals in Florida tort law and Florida class certification procedure, deals with putative class members who were injured in different incidents over multiple years.  *Alderwoods Grp., Inc. v. Garcia*, 119 So. 3d 497, 500 (Fla. Dist. Ct. App. 2013) (in negligent burial case, "Plaintiffs was alleged to have a relative buried in the old section of the Cemetery between 1986 and 1993.").  The Fifth Circuit case had undergone discovery, *at the conclusion of which* the district court found that "each individual plaintiff suffered different alleged periods and magnitudes of exposure and suffered different alleged symptoms as a result" *Steering Committee v. Exxon Mobil Corp.*, 461 F.3d 598, 602 (5th Cir. 2006).

If there is a *per se* rule that emotional damages are not suitable for class treatment, Defendant has failed to cite cases that actually support this proposed rule of law.  And, this case is highly distinguishable from the *Alderwoods* and *Steering Committee* decisions.  Here, the putative class members all suffered their injury simultaneously, within a couple hundred feet of each other, and no proceedings have yet attempted to determine the similarity of the extent of their injuries.  The Second Amended Complaint does not allege any specialized damages on its face.  Sec. Am. Compl., p. 9 (seeking "damages for garden-variety emotional distress relating to the natural human emotional response to a near-death experience").  Instead, it alleges that "most (if not all)" class members experienced similar injuries.  *Id*., ¶¶ 33, 34.  Defendant is certainly entitled to dispute this, but *after* discovery is held as to any matters related to class certification.

### B. *Defendant's Remaining Arguments Rely on The Same Flawed Premise*

Defendant repackages its argument that the emotional distress damages – either generally or in this particular case – are too individualized to move forward as a class for the balance of their

- 4 -

motion.  Mot. to Strike, pp. 9 – 14.  They present a just two points that require brief additional discussion.

First, Defendant presents (and attaches as an exhibit) another Florida case denying class certification in a case of emotional damages incurred by cruise line passengers involved in a crash. *Id*., p. 13, <u>citing</u> *Hutton v. Norwegian Cruise Lines*, *Ltd*., Case No. 99–CV–2383–FAM at *1, 7 (S.D. Fla., Dec. 22nd, 2000), and Exhibit A.  But, *Hutton* involved a plethora of additional injuries that all varied from class member to class member, in addition to emotional injuries that proved to be distinct.  *Hutton* at *2 (sprained joints, stiffness, bronchitis), *4 (dividing those with "transient symptoms" from "persistent symptoms").  The *Hutton* order, at docket position <u>272</u>, came after the parties engaged in extensive discovery and motion practice on other issues, and the Court came to its conclusion not on the face of the complaint, but with the benefit of a full-fledged fact inquiry, the likes of which Defendant here asks the Court to forego.

Second, Defendant suggests that class resolution would be inferior here because some would-be class members have filed their own suit.  This argument requires the Court to engage in the kind of discretionary judgment that would be typical in a class certification motion, rather than in a motion to strike where the Court would need to find that class certification is not merely undesirable, but unavailable as a matter of law.  Notwithstanding, just because other class members can, and have, pursued individual claims does not mean that the vast majority of those involved in this disaster cannot or should not be resolved together.  Those who feel that they have distinct injuries, or otherwise want their own day in court, can and should exclude themselves from the class.  This does not mean judicial economy, or the interest of justice, cannot be served by proceeding here, and certainly does not mean the same as a matter of law.

### IV.     Conclusion

Using only the four corners of the complaint, Defendant has failed to meet the heavy burden that would allow them to escape class allegations before the commencement of discovery. Defendant's motion should be **denied** and the Court should hold a scheduling conference.

Dated:  Denver, CO                                                                    Respectfully submitted,

       August 6th, 2021

                                                                                                          */s/Jonathan Corbett*
                                                                Jonathan Corbett, Esq.
                                                                Attorney for Plaintiff
                                                                CA Bar #325608 (*admitted D. Colo.*)
                                                                958 N. Western Ave. #765
                                                                Hollywood, CA 90029
                                                                E-mail: jon@corbettrights.com
                                                                Phone: (310) 684-3870
                                                                FAX:   (310) 675-7080